Kathleen M. Caminiti (04036-1987)
FISHER & PHILLIPS LLP
430 Mountain Ave., Suite 303
Murray Hill, NJ 07974
Tel: (908) 516-1062
Fax: (908) 516-1101
Email: *kcaminiti@fisherphillips.com*

David J. Kiefer (02980-2011)
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive
Moon Township, PA 15108
Tel: (412) 859-4140
Fax: (412) 859-5450
Email: *david.kiefer@fedex.com*

***Attorneys for Defendant, FedEx Ground Package System, Inc.***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| SIRKERRA FARRELL, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | Civil Action No. 3:19-cv-19973<br><br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY, TRENTON DIVISION

PLEASE TAKE NOTICE THAT Defendant FedEx Ground Package System, Inc.,

("FedEx Ground"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, respectfully removes the

case captioned in the Superior Court of Middlesex County, New Jersey as *Sirkerra Farrell,*

*individually and on behalf of those similarly situated v. FedEx Ground Package System, Inc.,*

Docket No. MID-L-006789-19 (the "State Court Action") to the United States District Court for

the District of New Jersey, Trenton Division.  Removal of the State Court Action is based on this

Court's diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") and is proper

for the following reasons:

## I.    FedEx Ground Complied with Local Civil Rule 10.1(a).

1.     Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties

are as follows: upon information and belief, Plaintiff Sirkerra Farrell ("Plaintiff" or "Ms. Farrell")

resides at 557 South Broad, Apartment A2, Elizabeth, NJ 07202 and is represented by Swartz

Swidler LLC, 1101 Kings Highway N., Ste. 402, Cherry Hill, NJ 08034.  Defendant FedEx Ground

Package System, Inc., is a Delaware corporation and has its principal place of business in the

Commonwealth of Pennsylvania at 1000 FedEx Drive, Moon Township, PA 15108.  FedEx

Ground is represented by Fisher & Phillips LLP, 430 Mountain Ave., Suite 303, Murray Hill, NJ

07974, and its in-house litigation counsel, David Kiefer, Esq., 1000 FedEx Drive, Moon Township,

PA 15108.

## II.    FedEx Ground's Notice of Removal is Timely Filed.

2.     On October 1, 2019, Plaintiff electronically filed the State Court Action, and

thereafter amended her original complaint to name only FedEx Ground[1] as the relevant defendant.

Plaintiff's operative pleading in the State Court Action is Plaintiff's Individual and Class Action

Complaint, which Ms. Farrell filed on October 18, 2019 (the "Amended Complaint").

---

[1]     Ms. Farrell initially named FedEx Corporation ("FedEx Corp.") as the relevant FedEx
defendant and served FedEx Corp. via CT Corporation on October 8, 2019.  *See* Exhibit 1.
Through an agreement between Ms. Farrell's counsel and FedEx Ground's counsel, Plaintiff
voluntarily amended her complaint to substitute FedEx Ground as the appropriate FedEx
defendant.  On October 18, 2019, the undersigned counsel accepted service of the Amended
Complaint on behalf of FedEx Ground.

3.      On October 18, 2019, FedEx Ground waived service of process in the State Court Action and accepted service of Plaintiff's Amended Complaint via electronic mail.  (Exhibit 1, Process, Pleadings, and Orders from State Court Action).

4.      Plaintiff's one-count Amended Complaint asserts that FedEx Ground failed to pay overtime to Plaintiff and "other similarly situated individuals . . . due to Defendant's policy of not including time spent in security screenings [] as hours worked," in purported violation of the New Jersey Wage and Hour Law ("NJWHL").  (Ex. 1, Am. Compl., at ¶ 1)

5.      True and complete copies of the Complaint, Summons, Amended Complaint, and all other process and pleadings served upon FedEx Ground in the State Court Action are attached hereto as Exhibit 1.  Plaintiff has not served upon FedEx Ground any other process, pleadings, or orders.  *See* 28 U.S.C. §§ 1446(a) and 1447(b).

6.      FedEx Ground timely filed this Notice of Removal within thirty (30) days of FedEx Ground accepting service[2] of the Amended Complaint.  *See* 28 U.S.C. §1446(b)(2); *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

III.    **Diversity Jurisdiction Exists Under the Class Action Fairness Act.**

7.      Plaintiff brings this case as a putative class action.  (Ex. 1, Am. Compl., at ¶¶ 6-15) Therefore, removal based on diversity jurisdiction under CAFA is proper pursuant to 28 U.S.C. §§

---

[2]      The Third Circuit has adopted the last-served defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal.  *See Delalla v. Hanover Ins.,* 660 F.3d 180, 182 (3d Cir. 2011) ("[T]he later-served rule represents the most faithful and equitable reading of the removal statute.").  Based on the date that FedEx Corp. was initially served with process (October 8, 2019), FedEx Ground's removal notice is timely filed under both the first-served and last-served rule.

1332, 1441, 1446, and 1453 when (i) diversity of citizenship exists between one or more plaintiffs and one or more defendants; (ii) the aggregate number of putative class members is 100 or greater; and (iii) the amount placed in controversy by the complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

8.      FedEx Ground denies Plaintiff's factual allegations and denies that Plaintiff, or the class she purports to represent, is entitled to the relief requested. However, based on Plaintiff's allegations and prayer for relief in the Amended Complaint[3], all requirements for diversity jurisdiction under CAFA have been met, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A.    *Diversity of Citizenship Exists Between Ms. Farrell and FedEx Ground.*

9.      Ms. Farrell is a citizen of the state of New Jersey for diversity purposes, as she avers that she "is an adult individual with an address at" 557 South Broad, Apartment A2, Elizabeth, New Jersey, 07202. (Ex. 1, Caption of Am. Compl. & Am. Compl., at ¶ 3; *see also* Exhibit 3, Declaration of Matthew Endlish ("Endlish Decl."), at ¶ 3)

10.     FedEx Ground is a citizen of the state of Delaware and the Commonwealth of Pennsylvania for diversity purposes because it is incorporated in Delaware and has its principal place of business in Moon Township, Pennsylvania. *See* Exhibit 2, Declaration of David J. Kiefer ("Kiefer Decl."), at ¶¶ 2-7; 28 U.S.C. 1332(c)(1) (a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

---

[3]      FedEx Ground does not concede—and reserves the right to contest at the appropriate time—Plaintiff's allegations that this action can properly proceed as a class action, including Plaintiff's allegations that she can fairly and adequately represent the putative class members. Moreover, FedEx Ground does not concede that any of Ms. Farrell's allegations state a claim for relief against FedEx Ground under New Jersey law.

principal place of business"). FedEx Ground is not a citizen of the state of New Jersey. (Ex. 2, Kiefer Decl., at ¶¶ 2-7)

11.     Since this matter is a putative class action, diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12.     Because Ms. Farrell is a citizen of New Jersey and FedEx Ground is a citizen of Delaware and Pennsylvania, the geographic diversity requirements under CAFA have been met.

### B.     The Aggregate Number of Putative Class Members is 100 or Greater.

13.     Ms. Farrell asserts an overtime claim under the NJWHL on behalf of a putative class consisting of "all persons presently and formerly employed by Defendant as package handlers and/or non-exempt hourly positions who worked in one of Defendant's New Jersey distribution centers . . . at any point during the time period from two (2) years preceding the date the instant action was initiated through the present" and were not paid "for all hours worked more than 40 hours in a workweek due to Defendant's policy of not including time spent in security screenings [] as hours worked." (Ex. 1, Am. Compl., at ¶¶ 1, 8)

14.     Plaintiff alleges that the "number of potential class members is more than forty (40) individuals." (Ex. 1, Am. Compl., at ¶ 10)

15.     During the period from October 1, 2017 through October 29, 2019[4], FedEx Ground employed 2,564 full-time, non-exempt, hourly-paid employees at its facilities in the state of New Jersey. (Ex. 3, Endlish Decl., at ¶ 4)

16.     Based on Plaintiff's definition, the putative class contains 2,564 non-exempt, hourly-paid employees who worked for FedEx Ground at a New Jersey facility during the period

---

[4]     FedEx Ground obtained the relevant employment and payroll information for Plaintiff and the putative class members on October 29, 2019. (Ex. 3, Endlish Decl., at ¶ 4)

from October 1, 2017 and October 29, 2019 and who, because they were full-time employees, could have worked more than forty (40) hours in a workweek. (*Id.*)

17.     Therefore, because "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater, the class size requirements for diversity jurisdiction under CAFA have been met. *See* 28 U.S.C. § 1332(d)(5)(B).

> ### C.    The Amount Placed in Controversy by Plaintiff's Amended Complaint Exceeds $5,000,000.

18.     Although Ms. Farrell does not plead a specific amount of damages in her Amended Complaint, the amount placed into controversy by Plaintiff exceeds $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . . .").

19.     "Where a complaint does not limit its request to a precise monetary amount, a court must independently appraise the claim's value." *Aviles v. Tilson*, Civil Action No. 18-1940-BRM-DEA, 2018 U.S. Dist. LEXIS 159912, at *7 (D.N.J. Sep. 19, 2018) (citations omitted). In doing so, this "court can look beyond the face of the petition" and "look to entire record"—inclusive of any declarations submitted by FedEx Ground—to determine if diversity jurisdiction exists. *Fagan v. Jaffe*, Civil Action No. 08-640 (PGS), 2008 U.S. Dist. LEXIS 114840, at *7-8 (D.N.J. Aug. 15, 2008) (quotations and citations omitted).

20.     Although FedEx Ground must prove by a "preponderance of the evidence" that the amount in controversy exceeds $5,000,000, "that burden is not especially onerous." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). This is because "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable

reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

21.    Moreover, when assessing the amount in controversy for putative class actions removed under CAFA, "[i]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

22.    FedEx Ground denies Ms. Farrell's factual allegations and denies that she or the class she seeks to represent are entitled to the relief they seek, as FedEx Ground properly complied with the NJWHL at all relevant times.  However, Plaintiff's allegations and prayer for relief have put into controversy an amount that exceeds CAFA's $5,000,000 threshold when aggregating the claims of the putative class members.  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

> ### 1.  *The Amount of Overtime Pay and Liquidated Damages Plaintiff Has Placed in Controversy from October 2017 Through November 7, 2021 is at Least $3,955,668.89.*

23.    Plaintiff asserts that she and the putative class members she seeks to represent are entitled to overtime compensation for "the time it took/takes Plaintiffs to go through the security screening" both "prior to clocking in" and "after clocking out" at the beginning and end of each workday.  (Ex. 1, Am. Compl., at ¶¶ 28-33 & Prayer for Relief, at ¶ 2, requesting "lost earnings" for alleged compensable time spent in security screenings)

24.    Plaintiff does not quantify in the Amended Complaint how much time she and the putative class members allegedly spent in security screenings at the beginning and end of each work day.  However, Plaintiff avers that she and the putative class members "regularly

worked/work at least 40 hours each workweek, excluding the time spent in security screenings," and that FedEx Ground's "failure to pay them for the additional time spent in security screenings resulted in Defendant paying Plaintiffs less than one and one-half times their regular rate for all hours worked over forty (40) hours in a workweek."  (Ex. 1, Am. Compl., at ¶¶ 19, 24, 33)

> ### i. *The Applicable Liability Period for Calculating the Amount in Controversy is from October 1, 2017 through November 7, 2021.*

25.    When calculating the amount in controversy, this Court must account for two periods of time: (i) from two years preceding the filing of the original complaint (October 1, 2017) through the removal date (November 7, 2019); and (ii) from the removal date (November 7, 2019) through the time of trial (November 7, 2021).  *See Mazzucco v. Kraft Foods Glob., Inc.*, Civil Action No. 11-2430 (ES), 2011 U.S. Dist. LEXIS 150217, at *24 (D.N.J. Nov. 23, 2011), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 149754, 2011 WL 6936353 (D.N.J. Dec. 30, 2011) (denying remand motion and noting that "the appropriate liability period should range from March 11, 2009 to April 27, 2013 or otherwise approximately 206 weeks" to account for the NJWHL's limitations period and for a two-year period from the removal date through trial).

26.    New Jersey federal courts have repeatedly stated that "the Court should not limit its amount in controversy liability period analysis to the filing of the complaint."  *Id.*  This rule is particularly relevant here, as Plaintiff seeks damages for her and the putative class members "during the time period from two (2) years preceding the date the instant action was initiated ***through the present***."  (Ex. 1., Am. Compl., at ¶ 8) (emphasis added).  *See Faltaous v. Johnson & Johnson*, Civil Action No. 07-1572 (JLL), 2007 U.S. Dist. LEXIS 99473, at *29 (D.N.J. Oct. 11, 2007), *report and recommendation adopted*, 2007 U.S. Dist. LEXIS 81775 (D.N.J. Nov. 2, 2007) ("[L]imiting plaintiff's damages to the two years prior to the filing of the suit is too restrictive"

because "[t]he amended complaint seeks to recover unpaid overtime due after the filing of the amended complaint.").

27.    When calculating the amount in controversy, the appropriate liability period should begin on October 1, 2017.  This is because Plaintiff seeks damages for a period of two years preceding the filing date of the original complaint, which Ms. Farrell initially filed on October 1, 2019.  *See Mazzucco*, 2011 U.S. Dist. LEXIS 150217, at *24 ("Applying the two-year statute of limitation period to the March 11, 2011 filing of the complaint, the liability period should start from March 11, 2009."); (Ex. 1., Am. Compl., at ¶ 8).

28.    When calculating the amount in controversy, the appropriate liability period should end on November 7, 2021, which is two years from the date FedEx Ground removed the instant action.  *See Mazzucco*, 2011 U.S. Dist. LEXIS 150217, at *24 ("A conservative estimate of the actual liability period is two years from the notice of removal."); *Alegre v. Atl. Cent. Logistics*, Civil Action No. 15-2342 (SRC), 2015 U.S. Dist. LEXIS 100214, at *10 (D.N.J. July 31, 2015) ("The Court will apply a four-year liability period, which nearly guarantees the jurisdictional minimum is satisfied.")

29.    Therefore, the appropriate liability period for calculating the amount placed in controversy by Ms. Farrell's Amended Complaint is from October 1, 2017 (two years prior to the date Plaintiff filed her complaint, *see* Ex. 1, Am. Compl., at ¶ 8) through November 7, 2021 (two years following the date FedEx Ground removed the State Court Action to federal court).

> ii.    ***During the Applicable Liability Period, the Amount of Overtime Wages Placed in Controversy by Plaintiff Totals at Least $2,676,001.80, Based on 4.5 Minutes of Waiting Time Per Day.***

30.    Because Ms. Farrell does not quantify in the Amended Complaint how much time she and the putative class members allegedly spent in security screenings at the beginning and end of each shift, courts will accept a defendant's "fair and reasonable estimate" when calculating the

amount in controversy in overtime cases.  *See Faltaous*, 2007 U.S. Dist. LEXIS 99473, at *26;

*Roundtree v. Primeflight Aviation Servs.*, Civil Action No. 16-9609 (CCC), 2017 U.S. Dist. LEXIS

118400, at *14 (D.N.J. July 28, 2017) (adopting defendant's estimate of "2.5 hours of unpaid

overtime" per week in determining the amount in controversy because it "is reasonable"); *Angus*,

989 F.2d at 146 (amount in controversy is measured "by a reasonable reading of the value of the

rights being litigated").

31.    As previously noted, based on Plaintiff's definition, the putative class contains

2,564 non-exempt, hourly-paid employees who worked for FedEx Ground at a New Jersey facility

during the period from October 1, 2017 and October 29, 2019 and who, because they were full-

time employees, could have worked more than forty (40) hours in a workweek.  (Ex. 3, Endlish

Decl., at ¶ 4)

32.    To determine the amount of overtime pay placed in controversy by Plaintiff for her

and the 2,564 putative class members, FedEx Ground used each individual's last known regular

pay rate, based on FedEx Ground's payroll records, which ranged between $11.70 per hour and

$42.14 per hour.  (*Id*., at ¶ 5)  Using those regular pay rates, FedEx Ground then calculated the

putative class members' overtime rates at one-and-a-half times their regular hourly rates, which

ranged between $17.55 per hour and $63.21 per hour.  (*Id.*)

33.    Using the putative class members' overtime rates, if Ms. Farrell and the putative

class members each (i) worked a regular five-day workweek covering forty (40) hours per week;

(ii) spent four-and-a-half (4.5) minutes per day[5] in security screenings, and (iii) would have

---

[5]    FedEx Ground does not concede—and reserves the right to contest at the appropriate
time—the amount of security waiting time purportedly spent by Plaintiff and the putative class
members.  Because FedEx Ground's New Jersey facilities all have different staffing levels and
various types of security entrances, an individualized inquiry into the purported security waiting
time of Plaintiff and the putative class members will be necessary.  The four-and-a-half minutes

received overtime pay at one-and-a-half times their last known regular hourly rates for all four-and-a-half (4.5) minutes per day spent in security screenings, the amount of overtime pay placed in controversy by Plaintiff's Amended Complaint is **$2,676,001.80**.  (*Id.* at ¶ 7)

34.    The amount of overtime pay placed in controversy by Plaintiff's Amended Complaint was calculated as follows.  ***First***, there are 1,003 individuals that were hired by FedEx Ground at a New Jersey facility in full-time, non-exempt, hourly-paid positions during the period from October 1, 2017 through October 29, 2019, but who are no longer employed by FedEx Ground in such positions as of October 29, 2019.  (*Id.* at ¶ 7(a))  Overtime rates for these 1,003 individuals were calculated at one-and-a-half times their last known regular hourly pay rates.  (*Id.*)  The start date used for calculating the alleged overtime pay in controversy for these 1,003 individuals was the later of (x) October 1, 2017 or (y) the date the individuals were first hired by FedEx Ground into their full-time, non-exempt, hourly-paid positions.  (*Id.*)  The end date used for calculating the alleged overtime pay in controversy for these 1,003 individuals was their final date of employment with FedEx Ground in full-time, non-exempt, hourly-paid positions.  (*Id.*)  Using this calculation, the amount of overtime pay placed in controversy by Plaintiff's Amended Complaint for these 1,003 individuals equaled at least **$124,120.19**.  (*Id.*)

35.    ***Second***, there are 1,561 individuals that were hired by FedEx Ground at a New Jersey facility in full-time, non-exempt, hourly-paid positions during the period from October 1, 2017 through October 29, 2019, and who still remain employed by FedEx Ground in such positions as of October 29, 2019.  (*Id.* at ¶ 7(b))  Overtime rates for these 1,561 individuals were calculated

---

of waiting time is a reasonable estimate based on what Plaintiff placed into controversy, according to her allegations that Plaintiff and the putative class members "regularly" spent additional time in security screenings while working at least 40 hours in a workweek.  (Ex. 1, Am. Compl., at ¶¶ 19, 24, 33)

at one-and-a-half times their last known regular hourly pay rates.  (*Id.*)  The start date used for calculating the alleged overtime pay in controversy for these 1,561 individuals was the later of (x) October 1, 2017 or (y) the date the individuals were first hired by FedEx Ground into their full-time, non-exempt, hourly-paid positions.  (*Id.*)  The end date used for calculating the alleged overtime pay in controversy for these 1,561 individuals was November 7, 2021, which is two years after the removal date.  Using this calculation, the amount of overtime pay placed in controversy by Plaintiff's Amended Complaint for these 1,561 individuals equaled at least **$2,551,881.61**.  (*Id.*)

36.    All told, when adding together the amount of overtime pay placed in controversy for the 1,003 individuals no longer employed by FedEx Ground in full-time, non-exempt, hourly-paid positions as of October 29, 2019 ($124,120.19) with the 1,561 individuals still employed by FedEx Ground in full-time, non-exempt, hourly-paid positions as of October 29, 2019 ($2,551,881.61), the total amount of overtime pay placed in controversy by Plaintiff's Amended Complaint equaled at least **$2,676,001.80**.  (*Id.* at ¶ 7(c))

        ***iii.    Plaintiff Has Placed in Controversy Liquidated Damages of at Least $1,279,667.09, Which Must be Accounted for in the Amount in Controversy.***

37.    In addition to Plaintiff's alleged overtime wages, Plaintiff also seeks in her Amended Complaint "liquidated damages as provided by state law."  (Ex. 1, Am. Compl., "Wherefore" Clause, ¶ 3)

38.    As of August 6, 2019, the NJWHL permits recovery of "liquidated damages equal to not more than 200% of the wages owed, exclusive of any costs or fees."  N.J.S.A. § 34:11-58 (amended 2019, c. 212, § 7, eff. Aug. 6, 2019).

39.    Consequently, Plaintiff's requested liquidated damages must be included in the amount-in-controversy calculation.  *See Hall v. Best Buy Co.*, 274 F.R.D. 154, 158 n.2 (E.D. Pa. 2011) (CAFA's amount in controversy threshold met when "the class includes well more than

10,000 members" and "the minimum liquidated damages for the class would exceed the jurisdictional requirement of $5,000,000"); *Lockwood v. Auto. Fin. Corp.*, Civil Action No. 04-0128-E, 2005 U.S. Dist. LEXIS 35897, at *9 (W.D. Pa. Aug. 30, 2005) ("In cases where punitive or treble damages are recoverable, these types of damages are properly considered in determining whether the jurisdictional amount is satisfied.").

40.    The amount of liquidated damages placed in controversy by Plaintiff is at least $1,279,667.09.  (Ex. 3, Endlish Decl., at ¶ 8)  This amount was calculated as follows.  There are 626 individuals that were hired by FedEx Ground at a New Jersey facility in full-time, non-exempt, hourly-paid positions during the period from August 6, 2019 through October 29, 2019.  (Ex. 3, Endlish Decl., at ¶ 8(a))  This includes 37 individuals who are no longer employed by FedEx Ground in such positions as of October 29, 2019, and 589 individuals who still remain employed by FedEx Ground in such positions as of October 29, 2019.  (*Id.*)  The amount of overtime pay placed in controversy by Plaintiff's complaint for these 626 individuals during the period from August 6, 2019 through November 7, 2021 is at least $639,833.55.  (Ex. 3, Endlish Decl., at ¶ 8(b))  Because these individuals could potentially recover liquidated damages under the NJWHL up to 200% of their allegedly unpaid overtime wages during the period from August 6, 2019 through November 7, 2021 ($639,833.55), the amount of liquidated damages placed in controversy by Plaintiff's Amended Complaint is **$1,279,667.09** ($639,833.55 multiplied by 2).

41.    When adding together the amounts placed in controversy by Ms. Farrell for overtime pay ($2,676,001.80) and liquidated damages ($1,279,667.09), the total amount of overtime pay and liquidated damages placed in controversy by Plaintiff's Amended Complaint is at least **$3,955,668.89**.

        **2.**    *Plaintiff's Claimed Attorney's Fees Increase the Amount in Controversy Beyond CAFA's Jurisdictional Minimum.*

42.    Beyond Plaintiff's purported overtime wages and liquidated damages, Plaintiff also seeks in her Amended Complaint "reasonable legal fees as provided by applicable state law." (Ex. 1, Am. Compl., "Wherefore" Clause, ¶ 4)

43.    "With regard to the amount-in-controversy, an award of attorneys, fees must be included as part of that determination where such an award is provided for by statute." *Vaccaro v. Amazon*, Civil Action No. 18-11852(FLW), 2019 U.S. Dist. LEXIS 40193, at *8 (D.N.J. Mar. 13, 2019); *Venuto v. Atlantis Motor Grp., LLC*, No. 17-3363 (RBK/KMW), 2017 U.S. Dist. LEXIS 169598, at *8 (D.N.J. Oct. 13, 2017) ("For purposes of calculating the amount in controversy, reasonable attorneys' fees . . . must be counted if they are available under New Jersey state law."). "This applies to cases removed under the CAFA." *Mazzucco*, 2011 U.S. Dist. LEXIS 150217, at *28.

44.    Because "the NJWHL permits recovery for reasonable attorney's fees," *Vacarro*, 2019 U.S. Dist. LEXIS 40193, at *8, "attorney's fees must be counted towards the amount in controversy." *See also Mazzucco*, 2011 U.S. Dist. LEXIS 150217, at *28 (denying remand motion and including claimed attorney's fees to determine amount in controversy for CAFA removal).

45.    New Jersey courts typically "apply a thirty percent (30%) rate" when calculating attorneys' fees "[f]or the purpose of the amount in controversy." *Mazzucco*, 2011 U.S. Dist. LEXIS 150217, at *28. This amount is used because "attorneys' fees of approximately 30 percent of the common fund are [] regularly awarded in labor and employment law class actions." *Faltaous*, 2007 U.S. Dist. LEXIS 99473, at *32 (quoting *Lenahan v. Sears, Roebuck & Co.*, No. 02-45, 2006 U.S. Dist. LEXIS 60307, at *21 (D.N.J. July 24, 2006)).

46.    In the present case, the amount in controversy for Plaintiff's claimed overtime and liquidated damages under the NJWHL is $3,955,668.89.  Applying a thirty percent (30%) multiplier to Plaintiff's claimed overtime and liquidated damages results in attorney's fees of at least **$1,186,700.67**, which must be included in the amount in controversy calculation.  *See Roundtree*, 2017 U.S. Dist. LEXIS 118400, at *17-18 ("[T]he Court will include a 30% fee award to the calculation of the amount in controversy" in case seeking unpaid overtime under the NJWHL.)

47.    When adding together the amount of overtime pay ($2,676,001.80) and liquidated damages ($1,279,667.09) placed in controversy with Plaintiff's claimed attorney's fees ($1,186,700.67), the total amount placed in controversy by Plaintiff's Amended Complaint is at least **$5,142,369.56**.

48.    Because Plaintiff's Amended Complaint has placed into controversy an amount of overtime pay, liquidated damages and attorney's fees ($5,142,369.56) that exceeds $5,000,000, this Court has diversity jurisdiction under CAFA.  *See Vaccaro*, 2019 U.S. Dist. LEXIS 40193, at *10 (denying remand motion and finding amount in controversy satisfied for putative class action alleging overtime violations under the NJWHL); *Mazzucco*, 2011 U.S. Dist. LEXIS 150217, at *38 (same); *Faltaous*, 2007 U.S. Dist. LEXIS 99473, at *36 (same); *Roundtree*, 2017 U.S. Dist. LEXIS 118400, at *19 (same).

**IV.    Venue is Appropriate in this Court.**

49.    The State Court Action is currently pending in the Superior Court of Middlesex County, New Jersey, which is located within the United States District Court for the District of New Jersey, Trenton Division.

50.     Thus, venue is proper in this Court because it is the "district and division embracing the place where such [State Court] [A]ction is pending."  *See* 28 U.S.C. § 1441(a).

**V.     FedEx Ground Provided Appropriate Notice of Removal.**

51.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of Middlesex County, New Jersey, and is being served upon counsel of record for Plaintiff.

52.     By filing this Notice of Removal, FedEx Ground does not waive any defects in service of process, venue, or personal jurisdiction, nor does it waive any other defenses available to it under applicable state law and/or the Federal Rules of Civil Procedure.

WHEREFORE, for the foregoing reasons, FedEx Ground respectfully gives notice that the State Court Action pending in the Superior Court of Middlesex County, New Jersey is removed to this Court.

Respectfully submitted,

By:     *s/ Kathleen Caminiti*
Kathleen M. Caminiti (04036-1987)
FISHER & PHILLIPS LLP
430 Mountain Ave., Suite 303
Murray Hill, NJ 07974
Tel: (908) 516-1062
Fax: (908) 516-1101
Email: *kcaminiti@fisherphillips.com*

David J. Kiefer (02980-2011)
FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive
Moon Township, PA 15108
Tel: 412.859.5720
Fax: 412.859.5450
Email: *david.kiefer@fedex.com*

***Attorneys for Defendant,***
***FedEx Ground Package System, Inc.***

Dated:  November 7, 2019

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

*s/ Kathleen Caminiti*
Kathleen M. Caminiti (04036-1987)
FISHER & PHILLIPS LLP
430 Mountain Ave., Suite 303
Murray Hill, NJ 07974
Tel: (908) 516-1062
Fax: (908) 516-1101
Email: *kcaminiti@fisherphillips.com*

**Attorney for Defendant,**
**FedEx Ground Package System, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of November, 2019, the above and foregoing document

was filed and served via the Court's ECF filing system and served by first class U.S. Mail to the

following counsel of record:

Matthew D. Miller, Esq.
Carley A. Doyle, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz. Esq.
SWARTZ SWIDLER, LLC
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Tel: 856-685-7420
Fax: 856-685-7417
Email: *mmiller@swartz-legal.com*
*cdoyle@swartz-legal.com*
*jswidler@swartz-legal.com*
*rswartz@swartz-legal.com*

### *Counsel for Plaintiff Sirkerra Farrell*

*s/ Kathleen Caminiti*
Kathleen M. Caminiti (04036-1987)
FISHER & PHILLIPS LLP
430 Mountain Ave., Suite 303
Murray Hill, NJ 07974
Tel: (908) 516-1062
Fax: (908) 516-1101
Email: *kcaminiti@fisherphillips.com*

***Attorney for Defendant,***
***FedEx Ground Package System, Inc***.